IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT R. PORTER,  )<br>  )<br>    Plaintiff,   )<br>  )<br>  v.     )<br>  )<br>HARRY J. CANCELMI, Jr., Esq.,  )<br>  )<br>    Defendant.   ) | Civil Action No. 04 - 1736<br><br>Judge Thomas M. Hardiman /<br>Magistrate Judge Lisa Pupo<br>Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the complaint be dismissed pursuant to the Prison Litigation Reform Act (PLRA), as frivolous and/or for failure to state a claim upon which relief can be granted.

**REPORT**

Robert R. Porter (Plaintiff) is currently incarcerated in the State Correctional Institution at Camp Hill (SCI-Camp Hill), serving a state sentence of 2 to 10 years. He has filed a civil rights lawsuit against the lawyer who represented him in a criminal matter and whom Plaintiff allegedly retained as a private attorney to represent him in two civil cases against the Department of Corrections ("DOC"). In his amended complaint, Doc. 16, he alleges that the attorney, Mr. Harry Cancelmi violated his Fifth, Eighth and Fourteenth Amendment rights. Plaintiff specifically invokes 42 U.S.C. § 1983 as the jurisdictional basis for this action. Doc. 16 at ¶ IV.C. Plaintiff alleges that Attorney Cancelmi conspired with DOC officials to deprive him of his

rights to file the two civil lawsuits against DOC defendants. Plaintiff alleges that Attorney Cancelmi accepted money from the two DOC defendants that Plaintiff had named in the two civil lawsuits in exchange for Attorney Cancelmi agreeing not to not file the cases.

### A. Relevant Procedural History

Plaintiff is proceeding in forma pauperis, Doc. 12, after originally being denied such status but succeeding on appeal in having the denial of his IFP request reversed by the Court of Appeals. Defendant Cancelmi filed an answer to the amended complaint. Doc. 28. Plaintiff filed a memorandum of law in support of the complaint. Doc. 33.

### B. Applicable Legal Principles

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case **at any time** if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(emphasis added).[1]  Here, Plaintiff has been granted IFP status, and was a prisoner at the time of initiating this suit and continues to be a prisoner within the meaning of 28 U.S.C. § 1915.[2]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a

---

[1] Given the language of the statute, the fact that the Defendant has filed an answer does not preclude this court from acting pursuant to 28 U.S.C. § 1915.  See, e.g., White v. Office of the Public Defender, 2005 WL 2216554, (W.D. La., Aug. 22, 2005)("Because Plaintiff filed this proceeding in forma pauperis ('IFP'), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.").

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial

notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint.  Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted).  Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice.  See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under Section 1915(e)(2)(B)(ii), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. <u>See</u>, <u>e.g.</u>, <u>Gould Electronics, Inc. v. U.S.</u>, 220 F.3d 169, 178 (3d Cir. 2000).

**C. Discussion**

    **1. Duplicative suits are frivolous or malicious**

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." <u>McWilliams v. Colorado</u>, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted).

Here, the instant complaint is clearly repetitious of another complaint that Plaintiff filed, of which this court takes judicial notice, namely, <u>Harry Porter v. Cancelmi</u>, No. 03-1541 (doc. 3, complaint filed Oct. 27, 2003 W.D. Pa.)(hereinafter referred to as "<u>Cancelmi I</u>"). In <u>Cancelmi I</u>, the Plaintiff alleged in pertinent part as follows:

> Mr. Cancelmi has misled me into believing that he was going to file my (Civil Action lawsuits) while representing me as a (Public Defender) . . . against the very same agency he was defending me against, [i.e., the] Department of

>    Corrections.
>         Mr. Cancelmi accepted two civil action lawsuits cases
>    from me on Nov. 25, 02 ([at the] Waynesburg Court House)
>    giving me a receipt as a (Private Lawyer) knowing the he
>    couldn't represent me against the Depart. of Corr. (actual
>    fraud). . .

Cancelmi I, Doc. 3 at ¶ IV.C.

The Court finds the amended complaint filed in the instant suit i.e., Doc. 16,[3] to be duplicative of Cancelmi I, and, therefore, malicious and/or frivolous.  Hence, it should be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### 2.   Res Judicata Bars this suit

In the alternative, this case is barred by res judicata or claim preclusion.[4]  The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action

---

[3] Compare the complaint in Cancelmi I, as quoted in the body of this report, with the complaint in the instant case

>    On November 25, 2002, I (Plaintiff) . . . Gave Harry
>    J. Cancelmi, Jr. Esq. Two civil action lawsuit
>    complaints and documents to civil cases (mentioned) for
>    filing against employees of Dept. Of Corr. at Greene.
>    Cancelmi converted my two civil claims into personal
>    profit and gain, by accepting a sum of money from the
>    same Prison Officials of Green, constituting
>    conspiracy, deprivation of my civil claims . . . .

Doc. 16 at ¶ IV.C.

[4] See, e.g., Baker v. Potter, 175 Fed.Appx. 759, 761 (7th Cir. 2006)("Baker's claim for breach of the settlement agreement is barred by claim preclusion, also called res judicata").

involving the same cause of action. In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942). As explained by the Court of Appeals, the federal law of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). In light of the purposes which res judicata serves, the doctrine not only bars relitigation in a second suit of what was actually litigated in the first suit but res judicata also bars relitigation of what could have been litigated in the first suit. See, e.g., Smith v. Morgan, 75 Fed.Appx. 505, 506 (6th Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."); L-Tec Electronics Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999) (*per curiam*) ("The doctrine of res judicata, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant

where that action has reached a final judgment on the merits.").

Taking up the second prong first, the parties in <u>Cancelmi I</u> and the present suit are absolutely identical: Porter was the Plaintiff therein and herein; Attorney Cancelmi was the defendant therein and herein. Hence, the second prong is met.

The first prong also is met. In <u>Cancelmi I</u>, the report and recommendation recommended that the complaint be dismissed pursuant to the PLRA's IFP screening provision[5] for failure to state a claim against Attorney Cancelmi because Cancelmi did not act under color of state law as explained in <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). <u>Cancelmi I</u>, Doc. 14 at 7-8. Over Plaintiff's objections, the District Court adopted the report and recommendation and ordered that "plaintiff's complaint be dismissed without service of process, pursuant to the PLRA, for failure to state a claim upon which relief can be granted." <u>Cancelmi I</u>, Doc. 19 at 2. Despite the clarity of the law, Plaintiff appealed to the Court of Appeals which dismissed the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>Porter v. Cancelmi</u>, No. 04-1700 (3d Cir. Order of dismissal entered 10/29/04). A dismissal for failure to state a claim upon which relief can be granted under the PLRA screening provisions, constitutes a "final judgment on the merits" for the purposes of res judicata. <u>See</u>, e.g., <u>Cieszkowska v. Gray Line New York</u>, 295 F.3d 204 (2d Cir.

---

[5] The PLRA's IFP screening provision permitting dismissal of complaints for failure to state a claim is found at 28 U.S.C. § 1915(e)(2)(B)(ii).

9

2002)(giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by res judicata"); Zochlinski v. University of California, 2005 WL 2417649, *6 (E.D. Cal. Sept. 7, 2005)("Since a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a judgment on the merits . . . the same is true of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)."). Cf. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata).

Lastly, taking up the third prong, the court finds this prong is met as well herein. The Court of Appeals has well explained this prong in the following terms:

> In *Athlone*, we noted that the term "'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." *Id. (quoting Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, we look toward the "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (*in banc*), *cert. denied*, 460 U.S. 1014 . . . This principle is "in keeping with '[t]he present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *Athlone*, 746 F.2d at 984 (*quoting* 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).
>        In conducting this inquiry, we focus upon "whether the

>acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Athlone*, 746 F.2d at 984. A mere difference in the theory of recovery is not dispositive. *Id*. Thus, the fact that Lubrizol relies on a new theory of "reformation" will not prevent preclusion. In both suits the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations are all the same.

Lubrizol Corp. v. Exxon Corp., 929 F.2d at 963.

Likewise here, the acts complained of against Attorney Cancelmi, i.e., failing to pursue two civil suits in Cancelmi I and in the instant action are substantially the same, as are the material facts alleged. The only difference may be that in the operative complaint in Cancelmi I, there was no allegation that Attorney Cancelmi conspired with state actors.  Plaintiff, apparently having the benefit of further research, and apparently learning that one who is himself not a state actor may become one if he acts in conspiracy with a state actor, has now, in the present suit, added to the complaint that he filed in Cancelmi I allegations that Attorney Cancelmi took part in a conspiracy with state actors to do exactly what Plaintiff alleged Attorney Cancelmi did in Cancelmi I, and then Plaintiff filed this recast complaint as the operative complaint in the present action.  Such artful pleading however may not overcome res judicata nor be permitted to eviscerate the policy purposes that res judicata serves, especially conservation of scarce judicial resources because the factual bases for the two suits are substantially the same.  See, e.g., Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir.

...

1980)("Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir. 1992)("Res judicata thus not only bars parties from relitigating the same cause of action, but also 'prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised.'")(*quoting* Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)).  Accordingly, because all three prongs are met and/or because Plaintiff could have raised the conspiracy theory in Cancelmi I, Plaintiff's current suit is barred by the doctrine of res judicata and, as such, the complaint fails to state a claim upon which relief can be granted and must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  See In re Desrosiers, 212 B.R. 716, 718-719 n.1 (Bkrtcy. D.Mass. 1997) ("Transamerica based its Motion to Dismiss the Adversary Proceeding on Federal Rule of Civil Procedure 12(b)(1).... Rule 12(b)(1) relates to the lack of subject matter jurisdiction. However, as detailed below, Transamerica argues only that the causes of action raised in this adversary proceeding are barred by the doctrine of res judicata. Thus, the applicable ground for dismissal is the Complaint's failure to state a claim upon which relief can be granted.").

    For any or all of the foregoing reasons, the complaint should be dismissed pursuant to the screening provisions of the PLRA.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

      /s/Lisa Pupo Lenihan
      Lisa Pupo Lenihan
      United States Magistrate Judge

Dated:  October 11, 2006

cc:   Honorable Thomas M. Hardiman
     United States District Judge

     Robert R. Porter
     DU-6434
     SCI Camp Hill
     P.O. Box 200
     Camp Hill, PA 17001