IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT R. PORTER, | ) | |
|---|---|---|
| | ) | Civil Action No. 04 - 1736 |
| Plaintiff, | ) | |
| | ) | District Judge Nora Barry Fischer |
| v. | ) | |
| | ) | |
| HARRY J. CANCELMI, Jr., Esq., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights action was received by the Clerk of Court on November 15, 2004, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

After some intervening proceedings, including an appeal to the Court of Appeals for the Third Circuit, the Magistrate Judge's Report and Recommendation (doc. no. 37), filed on October 11, 2006, recommended that the case be dismissed pursuant to the Prison Litigation Reform Act as being frivolous and/or for failing to state a claim upon which relief could be granted. On October 30, 2006, Plaintiff filed timely Objections (doc. no. 38). On December 4, 2006, then United States District Judge Thomas M. Hardiman dismissed the case pursuant to the Prison Litigation Reform Act and adopted the Report and Recommendation as the Opinion of the court (doc. no. 42).

On December 18, 2006, Plaintiff filed a "Declaration" that he had given a Motion to Alter or Amend the Judgement under Rule 59(e) to prison officials for mailing (doc. no. 43). The Court of Appeals for the Third Circuit recently determined that this document should have been construed as a timely-filed motion to amend the judgment under Federal Rule of Civil Procedure 59(e) (Certified Order of Court of

Appeals for the Third Circuit dated April 17, 2008 - doc. no. 52) . The Court of Appeals further directed that the District Court retains jurisdiction to rule on the motion and may rule on it *sua sponte* at any time if it chooses to do.

According to Court of Appeals for the Third Circuit, the purpose of a motion for reconsideration under Rule 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986). Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.

In the case at bar, Plaintiff has not presented any newly discovered evidence; nor has he demonstrated that the Court committed a manifest error of law. Thus, he has not carried his burden of demonstrating that he is entitled to relief under Rule 59(e). Accordingly, the following order is entered.

**AND NOW**, this 21st day of April, 2008,

The Plaintiff's Motion to Alter or Amend the Judgment under Fed. R. Civ. Proc. 59(e) (doc. no. 43) is **DENIED**.

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

cc: Lisa Pupo Lenihan
United States Magistrate Judge

Robert R. Porter
DU-6434
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001